

June 30, 2021

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square, Room 1105
New York, NY 10007

Re: **United States v. Christopher Wright, et al.**,

S1 19 Cr. 774 (JMF)

Dear Judge Furman:

We write pursuant to the Court's June 29, 2021, Order (Dkt. 116). In that Order, the Court instructed Mr. Wright to 1) "specify[] how much total equity the Defendant's in-laws have in their U.K. property" and 2) "indicate[] whether there is any additional source of security that could be posted."

With respect to the first instruction, counsel spoke to Mr. Reed (the defendant's father-in-law) concerning the approximate amount of equity in their home. Mr. Reed estimates that their home is worth $450,000 (GBP £325,000). As stated, Mr. and Mrs. Reed have a mortgage of approximately $65,000 (GBP £45,000). The equity in their home is thus approximately $385,000 (GBP £280,000).

With respect to the second instruction, there is an additional source of security that can be posted. Nick Wright, who is the defendant's brother, is prepared to post $5,000 as additional security. Mr. Wright's brother also is of limited financial means, but is willing to offer what is, to him, a substantial sum of money to guarantee Mr. Wright's appearance at trial. And he is also prepared to provide his brother with an additional $5,000 in living expenses to sustain himself as he prepares for trial (should it be necessary, that amount presumably could be put in escrow).

In addition, Mr. Reed has agreed to increase the lien on their property to $100,000. This increase is significant for Mr. Reed. Mr. Reed explained to counsel that, in the event the lien was to be enforced, he and Mrs. Reed would have to sell their family home despite the additional equity, given the family's current expenses as against their retirement income. Mr. Reed stressed to counsel that he has no concern whatsoever that Mr. Wright will abide by the terms of his release, but that he has other concerns. While the Government will likely dismiss Mr. Reed's stated concerns as irrelevant, we respectfully submit that Mr. Reed's thinking about what he is willing to post is important to evaluating the $100,000 amount. To be frank (and perhaps impolitic), Mr. Reed, who is an elderly British citizen, harbors a deep



distrust of the U.S. Government's executive branch. Counsel explained to Mr. Reed the separation of powers and the Court's role in ensuring that the law is justly administered. Counsel also distinguished the prosecuting authority in this matter from the broader federal Government and the Department of Justice. Mr. Reed nonetheless remains very skeptical of the U.S. Government (which is exacerbated by the fact that the U.S. authorities are prosecuting this case when the British authorities declined to bring charges).

Nonetheless, Mr. Reed is prepared set aside those sincere (if misguided) concerns and lose his home by posting this lien. That is no small commitment. But he is unwilling to lose what amounts to his and his wife's entire life savings based on the concerns articulated above. The point is that the $100,000 limit should not be viewed as expressing any concern Mr. Reed has about Mr. Wright's willingness to comply with the conditions of his release. To that end, we respectfully reiterate the moral suasion for Mr. Wright to abide by his bail conditions is higher on this proposed modification than on the conditions ordered by this Court on June 9. Mr. Wright would not do anything to jeopardize the financial security of his in-laws, particularly when they are grappling with serious health issues.

And, with respect to the $10,000 to be posted by Mr. Wright himself, it should not be lost that that amount is considerable to his family (which includes Mrs. Wright and a teenage son). Pretrial Services noted that Mr. and Mrs. Wright do not own property and their savings is approximately $18,000 (GBP £13,000). Over half of this will be used to meet the current $10,000 bond ordered by the Court on June 9, 2021, and the remainder will be used to support Mr. Wright as he lives in the New York City area and prepares for trial.

For these reasons and those in defendant's prior submissions, we respectfully request that the Court grant Mr. Wright's proposed bail modification.

Respectfully submitted,

/s/ John T. Zach

John T. Zach

The Defendant's motion is granted. The bail conditions remain the same, except that the third co-signer need not be a citizen or resident of the United States and the security is increased to $15,000 in cash and an additional $100,000 in the form of a lien against Mr. and Mrs. Reed's home in the United Kingdom. The Defendant shall remain detained until all conditions, including the proper recording of the lien against the U.K. property, are met. The Clerk of Court is directed to terminate ECF Nos. 113 and 117.

SO ORDERED.

July 1, 2021