

September 29, 2021

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square, Room 1105
New York, NY 10007

    Re:   **United States v. Christopher Wright, et al.**,

           S1 19 Cr. 774 (JMF)

Dear Judge Furman:

    We write pursuant to the Court's Orders dated June 9, 2021, and July 1, 2021 (Dkts. 104 and 118), which, as conditions of Mr. Wright's bail: (1) place Mr. Wright on home detention; and (2) prohibit Mr. Wright from having an internet enabled computer except for one provided by his counsel with access limited to materials needed to participate in his defense. Counsel respectfully requests that these conditions be modified so that Mr. Wright may: (1) visit Forest Park, in Queens, from 12pm-2pm daily for the purposes of exercise; and (2) use an internet enabled computer for personal/recreational purposes. Mr. Wright agrees not to use a printer.

    Pretrial Services consents to these modifications. The Government consents to modification (1), permitting Mr. Wright to exercise in Forest Park from 12pm-2pm daily. In regards to modification (2), the Government's position is: "We do not consent to the computer condition. Printing a passport is not the only thing we were worried about, and is not the only way to obtain fake documents and arrange travel."

    The Government previously sought to limit Mr. Wright's access to an internet enabled computer because, according to it, Mr. Wright would be able to generate or otherwise obtain false travel documents to flee from the United States. (*See, e.g.*, Transcript of hearing held on June 3, 2021, at 23:18-21, 24:25-26:3.) Other than the theoretical possibility that such false travel documents are potentially available "over the internet", the Government has never articulated a reason specific to Mr. Wright that such a risk has any probability of materializing. Internet enabled computers are a basic staple of everyday life in 2021 that are routinely used to watch television programs and movies, read the news, and order basic necessities. Restricting Mr. Wright's access to the internet is unnecessary and unfair. Even adopting the Government's broad-brush concern (which we respectfully submit is unfounded), restricting Mr. Wright's internet access is like putting a 2x4 in a river and calling it



a dam.  Were Mr. Wright intent on fleeing the United States (and, to be crystal clear, Mr. Wright has no intention of doing so), there are multiple means of doing so that exist independent of personal internet use.  Moreover, modern passports are extremely difficult to forge and Mr. Wright does not have the motive, resources, or wherewithal to obtain one.

Mr. Wright has proven himself a responsive and compliant defendant.  He is currently isolated in a bedroom in a stranger's home, far from his family, and he respectfully requests the ability to watch movies and television in his room and read the news and other articles in order to relieve the stress and isolation he is presently facing in the run-up to his trial.

For the above reasons, we respectfully request that this Court grant Mr. Wright's proposed modification.

Respectfully submitted,

**/s/ John T. Zach**

John T. Zach

Application GRANTED.  The Clerk of Court is directed to terminate Docket No. 153.  SO ORDERED.

September 30, 2021