```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
UNITED STATES OF AMERICA                                               :
                                                                       :      19-CR-774 (JMF)
                    -v-                                                :
                                                                       :      MEMORANDUM OPINION
ROGER RALSTON and CHRISTOPHER WRIGHT,                                  :           AND ORDER
                                                                       :
                            Defendants.                                :
                                                                       :
-----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On October 29, 2019, a grand jury returned a seven-count Superseding Indictment charging Defendants Roger Ralston and Christopher Wright with conspiracy, mail fraud, wire fraud, and money laundering. *See* ECF No. 70. As relevant here, the Superseding Indictment charges that, "[f]rom at least in or about 2009, up to and including in or about 2015," they and others "engaged in a scheme to defraud victims in the United Kingdom through the sale of false, fraudulent, and materially misleading investments, and to launder the proceeds through bank accounts in the United States and foreign countries." *Id.* ¶ 4. One or both of the Defendants now move for an order requiring the Government (1) to produce the grand jury minutes to the Court for an *in camera* review, *see* ECF No. 152; (2) to provide "a narrow bill of particulars that identifies the conduct it seeks to rely on to establish that the charges in the Superseding Indictment are within the statute of limitations," ECF No. 134; and (3) to produce the Government's Mutual Legal Assistance Treaty ("MLAT") applications, or alternatively to provide those materials to the Court for an *in camera* review, *see id.*

First, the Court denies Ralston's motion for production of the grand jury minutes substantially for the reasons set forth in the Government's opposition. *See* ECF No. 155. It is

well established that an indictment valid on its face is not subject to challenge on the ground that the grand jury acted based on inadequate or incompetent evidence.  *See, e.g.*, *United States v. Calandra*, 414 U.S. 338, 345 (1974); *Costello v. United States*, 350 U.S. 359, 363 (1956). Relatedly, given the interests in grand jury secrecy, "a review of grand jury minutes" — even *in camera* — "is rarely permitted without specific factual allegations of government misconduct." *United States v. Torres,* 901 F.2d 205, 233 (2d Cir. 1990).  To obtain disclosure of grand jury materials, a defendant must demonstrate a "particularized need" for the materials.  *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959); *United States v. Moten,* 582 F.2d 654, 662 (2d Cir. 1978).  Here, Ralston "offer[s] little more than speculation that some impropriety may have occurred before the grand jury . . . .  Such speculation falls well short of the 'particularized need' [he] must show to obtain disclosure of grand jury materials." *United States v. Ordaz-Gallardo*, 520 F. Supp. 2d 516, 519-20 (S.D.N.Y. 2007).  Accordingly, Ralston's motion for disclosure of the grand jury minutes is denied.

By contrast, Defendants' motion seeking "a narrow bill of particulars" has more merit.  The purpose of a bill of particulars is to permit a defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling [[him] to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (per curiam).  A bill of particulars is not to be used as a discovery device to obtain evidentiary detail about the Government's case.  Thus, one should be ordered only where the information sought is "necessary" to prepare a defense or to avoid double jeopardy.  *United States v. Corbett*, No. 20-CR-213 (KAM), 2021 WL 4480626, at *3 (E.D.N.Y. Sept. 30, 2021) (internal quotation marks omitted).  As a matter of both logic and law, a bill of particulars is

more likely to be appropriate where, for example, an indictment includes "a conspiracy count [that] covers a complex series of events over a number of years, but provides only the bare bones of the charge." *United States v. Barnes*, 158 F.3d 662, 666 (2d Cir. 1998); *accord United States v. Davidoff*, 845 F.2d 1151, 1154-55 (2d Cir. 1988). Ultimately, "[w]hether to grant a bill of particulars is generally a decision entrusted to the sound discretion of the district court." *United States v. Ramirez*, 609 F.3d 495, 502 (2d Cir. 2010).

Exercising that discretion here, the Court concludes that a bill of particulars is warranted. The parties' submissions make plain that a major — perhaps *the* major — issue in dispute is whether any of the allegedly criminal conduct occurred within the statute of limitations. Yet the Superseding Indictment provides Defendants with virtually no notice of the conduct that the Government alleges occurred during the limitations period, charging only that the broad scheme occurred "[f]rom at least in or about 2009, up to and including in or about 2015." ECF No. 70 ¶ 4. And while the Government asserts that Defendants "have received ample notice of the charges and the information needed to prepare for trial through the Government's detailed filings and extensive discovery," ECF No. 144 ("Gov't Mem."), at 10, it fails to back up that conclusory statement by pointing to anything specific that has actually put Defendants on notice of their alleged criminal conduct during the limitations period. To provide but one example: The Government points to its letter in opposition to Wright's release on bail, *see id.* at 11 (citing ECF No. 101), but that letter includes nary a word about the relevant time period.

Significantly, Defendants do not seek "detailed evidence about the conspiracy." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987). Nor do they seek "with precision each and every act committed by the conspirators in the furtherance of the conspiracy," *United States v. Cohen*, 518 F.2d 727, 733 (2d. Cir. 1975), or demand that the Government

"particularize all of its evidence," *United States v. Cephas*, 937 F.2d 816, 823 (2d Cir. 1991). Instead, they narrowly seek only notice of the conduct on which the Government is relying that post-dates June 27, 2014. *See* ECF No. 135, at 6; *see also* ECF No. 170 ("Gov't Supp. Ltr."), at 2 n.1 (noting that the Government has determined that it will seek to rely at trial on tolling orders it obtained pursuant to 18 U.S.C. § 3292). The Court concludes that, in the unique circumstances of this case, this information is necessary for Defendants to prepare their defense. *See, e.g.*, *United States v. Orsini*, 406 F. Supp. 1264, 1265-66 (S.D.N.Y. 1976) (granting a bill of particulars on the ground that it was "necessary" to prepare an affirmative defense); *United States v. Siddiqi*, No. 06-CR-377 (SWK), 2007 WL 549420, at *3 (S.D.N.Y. Feb. 21, 2007) (same). Accordingly, **within three weeks of the date of this Memorandum Opinion and Order**, the Government shall file a bill of particulars identifying with particularity Defendants' allegedly criminal conduct post-dating June 27, 2014.[1]

That leaves only Defendants' motion for production of the Government's MLAT applications. In response to the motion, the Government consented to *in camera* review of the MLAT applications, *see* Gov't Mem. 13-16, which the Court then ordered (thereby mooting Defendants' alternative request), *see* ECF No. 167. Based on that review, the Court concludes — substantially for the reasons stated in the Government's opposition, *see* Gov't Mem. 13-16 — that there is no basis to Defendants' speculation that the MLATs were obtained pretextually. In light of that, the Court concludes that Defendants are not entitled to the MLATs, pursuant to Rule 16(a)(1)(E)(i) of the Federal Rules of Criminal Procedure or otherwise. *See, e.g.*, *United*

---

[1] The parties' briefing reveals two related issues that may be in dispute: whether the statute of limitations was tolled on June 25, 2019, or June 27, 2019, and whether it was tolled with respect to the mail fraud charges. *Compare* Gov't Mem. 15 n.11, *with* ECF No. 147, at 2 n.3. The parties should promptly confer and, if appropriate, propose a process and schedule to tee up these issues for the Court's resolution before trial.

*States v. Parnas*, No. 19-CR-725 (JPO), 2021 WL 2981567, at *8 (S.D.N.Y. July 14, 2021) ("With respect to items that the Government does not intend to use in its case-in-chief and that were not obtained from the defendant, it is a defendant's burden to make a prima facie showing that the documents sought . . . are material to preparing the defense." (cleaned up)); *see also, e.g.*, *United States v. Vorley*, No. 18-CR-00035, 2020 WL 5512134, at *4-11 (N.D. Ill. Sept. 12, 2020) (denying a motion to compel disclosure of MLATs, pursuant to which, as here, the statute of limitations was tolled). Accordingly, Defendants' motion for production of the MLATs is denied.

    The Clerk of Court is directed to terminate ECF Nos. 134 and 152.

    SO ORDERED.

Dated: November 1, 2021
       New York, New York

                                           JESSE M. FURMAN
                                           United States District Judge