UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
UNITED STATES OF AMERICA            :
                                    :
                                    :    19-cr-774 (JSR)
        -v-                         :
                                    :    ORDER
ROGER RALSTON, et al.,              :
                                    :
    Defendants.                     :
                                    :
----------------------------------x

JED S. RAKOFF, U.S.D.J.

The pretrial motions of defendants Roger Ralston, Christopher Wright, and Steven Hooper, ECF Nos. 190 and 191, are resolved as follows:

1. Ralston's, Wright's, and Hooper's motions to dismiss the bank fraud conspiracy object of Count One of the S2 Superseding Indictment, ECF No. 186, for failure to state an offense are denied without prejudice; counsel for all three defendants indicated at oral argument that, given the information provided in the Government's submission, they were withdrawing this motion for the time being.

2. Wright's and Hooper's motions to dismiss the bank fraud conspiracy object of Count One on specialty grounds are denied without prejudice. Even assuming that either defendant has standing to raise this challenge, counsel for both Wright and Hooper agreed at oral argument that the decision of the extraditing countries as to waiver of the rule of specialty

1

will be dispositive. The Government is directed to keep the Court and the parties informed regarding the status of the requested waivers.

3. Wright's and Hooper's motions to dismiss the substantive wire fraud claim, Count Two of the S2 Superseding Indictment, on statute of limitations grounds are denied as to both defendants.

4. Hooper's motion to dismiss Counts One and Three of the S2 Superseding Indictment on the ground that Hooper withdrew from the charged wire fraud and money laundering conspiracies before the applicable statute of limitations period is denied.

5. Hooper's motion to dismiss Count One as duplicitous because it joins two separate conspiracies into one continuous scheme is denied.

6. Wright's and Ralston's motions for severance are denied without prejudice to renew. Given the _Bruton_ problem identified by counsel, the Government, if it intends to potentially use any of the statements that create a possible _Bruton_ problem, must, one month in advance of trial, provide to the Court three typical examples of statements at issue that it intends to offer, so that the Court can determine whether they and other such statements can be neutralized and redacted in such a way as to avoid any _Bruton_ problem.

7. At oral argument, counsel for Hooper stated that the Government's submission has mooted his motion for a supplemental bill of particulars; as such, it is dismissed without prejudice.

8. Ralston's motion to find the Government's 404(b) notice insufficient is denied without prejudice. The Government is directed to provide its new 404(b) notice to all parties one month in advance of trial.

The resolution of these motions does not preclude appropriate motions _in limine_ on the schedule outlined in the Court's Individual Rules.

The Court will issue an opinion setting forth the reasons for these rulings by March 21, 2022.

Dated:   New York, NY
         March 4, 2022                    _____
                                          JED S. RAKOFF, U.S.D.J.